PRESIDENT, DIRECTORS, &c. OF THE FARMERS AND MECHANICS BANK *vs.* WILLIAM JENKS.

It is not necessary, in order to maintain an action by an incorporated bank, that such bank should show a regular organization, according to the directions of the Rev. Sts. *c.* 44. It is, in general, sufficient to give evidence of the act of incorporation, and the actual use of the powers and privileges thereby conferred.

A promissory note given to a bank for stock therein, if received as equivalent to cash, entitles the promisor to the privileges of a stockholder, and is therefore not void for want of consideration.

Where the receiver of the effects of a bank, who was appointed on motion of the bank commissioners, pursuant to *St.* 1838, *c.* 14, brings an action in the name of the bank against a stockholder, to recover the amount of a note for stock subscribed for, such stockholder cannot defeat the action by showing that he and all the stockholders gave their notes for stock instead of paying money, in fraud of the banking laws; nor by showing the repeal of said statute of 1838, *c.* 14.

ASSUMPSIT on a promissory note for $100, dated September 30th 1837, signed by the defendant, payable to his own order, and by him indorsed. The action was brought by Thomas Robinson, who had been appointed receiver of the plaintiffs' effects, under the provisions of *St.* 1838, *c.* 14.

At the trial in the court of common pleas, before *Williams*, C. J., the plaintiffs gave in evidence the note, their act of incorporation, (*St.* 1836, *c.* 124,) the act in addition thereto, (*St.* 1837, *c.* 108,) the appointment of said Robinson, as receiver of their effects, by a decree of the supreme judicial court, at March

term 1838, in Suffolk, and the *St.* of 1839, *c.* 99, repealing said act of incorporation.   The plaintiffs further proved that no duly authenticated records of the proceedings of the stockholders of said bank, at the time of their supposed organization, could be found; and R. Wood, the last acting cashier of said bank, testified that he acted as cashier from November 1837 till said receiver took possession of the effects of the bank; that he never saw any records of the proceedings of said bank, and never made any; that E. A. Stansbury, the former cashier, now resides in Vermont; that while he (Wood) acted as cashier, he made and kept minutes of the proceedings of the corporation, on loose sheets of paper, (which he produced in court;) that P. Briggs acted as president during that time, and I. Richardson, I. Dean, D. Smith and D. P. Lapham acted as directors; that bills of said bank were issued and put in circulation before he (Wood) was chosen cashier, but not afterwards; that while he was cashier, two half-yearly bank taxes were paid to the state treasurer, $10,000 of said bills were redeemed, and the bank commissioners examined said bank twice; that said directors were chosen at a meeting when he was present, and when the stock of said bank was subscribed for; and that said Stansbury was chosen cashier at the same meeting; that two Messrs. Kinney and a Mr. Sherwood of New York were present and subscribed for all the stock that was not taken by others; that he did not know how or by whom said meeting was called, or that any public notice thereof was given; that he subscribed for' five shares of said stock at that time, and paid no money, but gave his note for the amount; that he also saw others subscribe, but saw no money paid, and did not know that any money was ever paid in by said subscribers; that when he became cashier, there were in the vaults $2000 in specie, and also notes of the stockholders, severally, for the amount of their respective shares, and of the date of their subscription; that no certificates of stock were ever issued, and that no other notes were in the bank; that no notes were discounted at the bank after he was cashier; that there were no papers or books in the bank, showing that any notes or bills had been discounted; that there was a book

(which he produced in court) containing an account of the dates and denominations of bills signed ; that the directors met occasionally ; that no dividend was ever made ; and that the note in suit was held by the bank while he was cashier.

The defendant objected to the admission of the foregoing parol evidence, but the objection was overruled.

The original subscription for stock in the bank was given in evidence by the plaintiffs.

The defendant insisted, that upon the evidence admitted, the 'ury were not authorized by law to find a verdict for the plain-.iffs ; especially since the *St.* of 1843, *c.* 43, had abolished the board of bank commissioners, on whose motion the proceedings of the bank had been stopped and a receiver of its effects been appointed. But the judge instructed the jury, that if the testimony aforesaid was true, the evidence was sufficient to authorize them to find a verdict for the plaintiffs. A verdict was returned for the plaintiffs, and the defendant alleged exceptions.

*Sumner & Porter,* for the defendant. The plaintiffs have no authority to sue as a corporate body. *Utica Ins. Co.* v *Cadwell,* 3 Wend. 296. *Williams* v. *Bank of Michigan,* 7 Wend. 539. *Welland Canal Co.* v. *Hathaway,* 8 Wend. 480, and cases there cited. The note was given without consideration, or upon an illegal consideration. *Wheeler* v. *Russell,* 17 Mass. 258. *Fairbanks* v. *Blackington,* 9 Pick. 96. *Shiffne*ı v. *Gordon,* 12 East, 304. *Willmarth* v. *Crawford,* 10 Wend. 341. *Griswold* v. *Waddington,* 16 Johns. 486. 2 Kent Com. (1st ed.) 366. Rev. Sts. *c.* 36, §§ 4, 9, 11.

*Robinson,* for the plaintiffs.

DEWEY, J. The evidence offered was, in our opinion, fully sufficient to authorize a jury to find that the plaintiffs were a corporation duly and legally constituted. The production of an act of incorporation, and the actual use of the powers and privileges given by such act, to the extent and in the manner offered in evidence, furnished sufficient grounds to authorize all further inferences of other compliances with the proper requisites for a legal organization of the corporation. *Narragansett Bank* v

*Atlantic Silk Co.* 3 Met. 282. *Middlesex Husbandmen* v. *Davis*, 3 Met. 133. Nor can the objection taken, that the charter of the bank was repealed, or that the act of 1838, *c.* 14, creating the board of bank commissioners, under which these proceedings were instituted, has been repealed, avail the defendant. All necessary further provisions, for the purpose of adjusting and collecting the assets of the bank, are found in the Rev. Sts. *c.* 44, § 8, and *St.* 1844, *c.* 45, § 1.

It is then insisted that this note was given without consideration, and also was given in aid of an illegal transaction and in fraud of the banking laws of the commonwealth.

We think there was a valuable consideration for the note. In consequence of the giving of this note, the defendant became entitled to the privileges of a stockholder in the bank ; the note being received as equivalent to cash. As to fraud, this, in point of fact, may, and appears to be, well sustained ; but it was a fraud in which all parties participated. For this fraud the bank might have been amenable before the proper tribunal; but it is not competent for the maker of this note to take this objection to a recovery of the amount due thereon, in an action instituted by a receiver appointed by this court, and representing the creditors of the bank. It is assets that may well be collected for the purpose of discharging the debts of the bank, or the expenses of closing its concerns under the orders of the court.

If the avails of this note are not required for these purposes, but are surplus funds to be distributed among the stockholders, the proper remedy for the party would be to file a bill in chancery, setting forth these facts, and praying an injunction on the receiver as to all further proceedings at law to enforce the collection of this demand.

*Exceptions overruled, and judgment on the verdict.*